ORIGINAL

FILED
RICHARD W. NAGEL
CLERK OF COURT

22 MAR 11 PM 1:14

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### HAMILTON DIVISION

| | |
|---|---|
| **LUCINDA JONES,** | }<br>} |
| Plaintiff, | } CIVIL ACTION FILE NO.<br>} |
| vs. | } **1:22CV134**<br>} |
| **HAMILTON COUNTY; JUDGE DAVID MCKEAGUE,** in his individual capacity as Senior Judge of the U.S. Court of Appeals, Sixth Circuit; **JUDICIAL COUNCIL**, U.S. Court of Appeals, Sixth Circuit, | } J. BLACK    M.J. BOWMAN<br>}<br>}<br>}<br>} |
| Defendants, | } |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes Now, Plaintiff, Lucinda Jones, Pro Se, and for this cause of action against the Defendants, shows the Court as follows:

### SUMMARY

On March 12, 2020, Defendant, Judge David McKeague, Senior Judge, Judge Julia S. Gibbons and Judge Helene N. White ("the Panel), entered an Order. The Order affirmed the Western Tennessee District Court Opinion that Plaintiff, Lucinda Jones (hereinafter, "Attorney Jones") and her co-counsel, filed a frivolous lawsuit on behalf of their clients, Katoria Williams and Demetri Faulkner,

1

Plaintiffs/Appellants.[1] In ruling on Plaintiffs/Appellants' Brief, the Panel did not consider facts in the Brief of Demetri Faulkner (hereinafter, "Plaintiff Faulkner).

On June 10, 2020, Attorney Jones filed a complaint of judicial misconduct against Judge McKeague and Judge Jon P. McCalla (hereinafter, "Judge McCalla), Chief Judge of the United States District Court, Western District of Tennessee.[2] To date, the Judicial Council has not ruled on Jones's complaint. Upon information and belief, Judge Julia S. Gibbons (hereinafter, "Judge Gibbons") is a decisionmaker on the Judicial Council. (Exhibit A). Upon information and belief, Judge Jeffrey S. Sutton (hereinafter, "Judge Sutton") is the Chief Judge and Manager of the Judicial Council. (Id.)

In this action under 42 U.S.C. § 1983, Attorney Jones seeks a declaratory judgment that the Panel's Order violates Jones's due process rights. That Judge Gibbons' seat on the Judicial Council is oppressive to Jones's due process rights and an injunction removing her from the Judicial Council, relative to the judicial complaint. Additionally, Jones seeks a declaratory judgement that the Judicial Council's delay in tendering a decision on her complaint oppresses her due process rights and, potentially, the rights of others, and an injunction directing the Council to render a decision on her complaint of judicial misconduct, on a date certain.

---

[1] Jones's co-counsel is not part of this lawsuit.
[2] The complaint is filed with the Judicial Council at the United States Court of Appeals, Office of the Circuit Executive, Ohio; Case No. 06-20-90064/65.

## I.     PARTIES

1. Attorney Lucinda Jones is a resident of Wayne County, Michigan.

2. Defendant, Hamilton County, is a municipality incorporated under the laws of the State of Ohio, which entity is located in Hamilton County, Ohio.

3. Defendant, Judge David McKeague, is Senior Judge of the United States Court of Appeal, Ohio. Upon information and belief, Judge McKeague is a citizen and resident of Hamilton County.

4. Defendant, Judicial Council, is a municipality incorporated under the laws of the State of Ohio, which entity is located in Hamilton County, Ohio.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, seeking to redress a deprivation of Attorney Jones's right by Judge McKeague and the Panel and the Judicial Council: each acting under color of law, which rights are secured by the due process provisions of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

6. This Court has federal question and diversity jurisdiction over this case pursuant to 28 U.S.C. §§1331, 1332, and 1343.

7. This Court has declaratory jurisdiction pursuant to 28 U.S.C. § 2201 and injunctive relief powers pursuant to 28 U.S.C. § 2202.

8. This Court has jurisdiction under 42 U.S.C. § 1988 to award attorneys' fees.

9. This Court has personal jurisdiction over Hamilton County because it operates in the State of Ohio, within this district.

10. This Court has personal jurisdiction over Judge McKeague because he is a sitting Judge in the Sixth Circuit Appellate Court.

11. This Court has personal jurisdiction over the Judicial Council because it operates in the State of Ohio, within this district.

12. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim in this matter occurred in this judicial district, and one or more defendant is located in this judicial district.

**Actual Controversy Exists**

13. The Order signed by Judge McKeague and the Panel mandates an act that is oppressive to Jones' due process.

14. Judge Gibbons' seat on the Council as a decisionmaker in Jones's complaint of judicial misconduct against Judges McKeague and McCalla is oppressive to Jones's right to due process.

15. The Judicial Council's delay on rendering a decision on Jones's complaint of judicial misconduct is oppressive to her due process rights.

## FACTS

16. On April 25, 2017, Plaintiffs/Appellants sued Shelby County School District (hereinafter, "SCSD") and Marjorie Douglas (hereinafter "Ms. Douglas) pursuant to 42 U.S.C. 1983, and Title VII.[3]

17. On October 3, 2017, Ms. Douglas filed a Motion to Dismiss Plaintiffs/Appellants' Complaint, on the ground *"Plaintiff's claims failed to plead sufficient facts to state a claim for relief and the causes of action are barred by the applicable statute of limitations."*[4]

18. On February 20, 2018, during a telephone conference with Ms. Douglas's attorney, her attorney told Attorney Jones that she (Jones) was an obstructionist and they didn't like out of town attorneys coming into their District and not follow the way they do things.

19. Ms. Douglas's attorney also stated Judge McCalla felt the same way and said Attorney Jones was a trouble-maker.

20. On February 26, 2018, Judge McCalla transferred the case to Judge Thomas L. Parker (hereinafter, "Judge Parker).

---

[3] Plaintiff's original Complaint is filed at the U.S. District Court, Western District of Tennessee; Case No. 2:17-cv-02284.
[4] Ms. Douglas's Motion was filed by her then attorney, Robin H. Rasmussen (Dinkelspiel, Rasmussen & Mink), Memphis, Tennessee.

21. On May 2, 2018, Judge Parker granted Ms. Douglas's Motion to Dismiss on the Title VII claim, on the ground *"Plaintiff's claims were untimely or fail to state a claim."*

22. In his May 2 ruling, Judge Parker did not find that Attorneys multiplied the process, acted in bath faith, nor filed a frivolous lawsuit.

23. On May 16, 2018, Ms. Douglas filed a Motion for Attorney Fee Sanctions; for the first time she alleged Plaintiff's lawsuit was frivolous.[5]

24. On May 17, 2018, Judge Parker entered Judgment in favor of Ms. Douglas and against Plaintiffs.

25. On February 7, 2019, Judge Parker granted Ms. Douglas's Motion for Attorney Fee Sanctions, pursuant to 28 U.S.C. §1927, ruling the Complaint was "time-barred" and opining, for the first time, that Plaintiffs' counsel filed a frivolous lawsuit.

26. On March 13, 2019, Plaintiffs appealed the District Court's finding and Attorneys Jones and Vie appealed the District Court's finding that Attorneys' litigation was frivolous.

27. In their Appellate Brief, Attorneys wrote the District Court's process leading to its ruling was unfair.

---

[5] Douglas's new attorneys, Rainey Kizer Reviere & Bell, PLC filed the Motion on Douglas's behalf.

28. Judge McKeague and the Panel affirmed the District Court.

29. In the Order, the Panel admit they did not review facts of Plaintiff/Appellant Faulkner.

30. On March 19, 2020, Douglas filed a Motion asking the Appellate Court to issue additional sanctions against Attorney Jones and Vie.

31. On May 28, 2020, Judge McKeague and the Panel issued a Per Curiam Opinion, in which they wrote Attorneys' conduct was "unprofessional."

**The Judicial Complaint**

32. On June 15, 2020, Attorney Jones filed a judicial misconduct complaint against Judge McKeague and Judge Jon P. McCalla. The complaint was filed with Defendant, Judicial Council.

33. In the Complaint, Jones alleged that Judge McCalla prejudiced himself against Plaintiffs and their counsel.

34. That Judge McCalla's delay in ruling on Douglas's Motion to Dismiss was punishment for the Attorneys vigorously asserting their clients' rights.

35. That Judge McKeague and the Panel disregarded Plaintiff Faulkner's facts, which Jones submits were material to the issue.

36. That Judge McKeague did not review facts in the Willian/Faulkner appeal because they did not want to implicate Judge McCalla.

## COUNT I

## DEPRIVATION OF DUE PROCESS
## 42 U.S.C. §1983

**Judge McKeague**

37. Attorney Jones incorporates by reference paragraphs 1 through 31, as if specifically plead herein.

38. Judge McKeague (and the Panel) acted under color of state law in carrying out his actions.

39. Attorney Jones has a constitutionally protected liberty interest in her professional legal reputation, which has been damaged or potentially damaged by the unlawful acts of Judge McKeague (and the Panel).

40. Attorney Jones was therefore entitled to a fair hearing due to the stigmatizing effect of her being seen as unethical and "unprofessional."

41. Judge McKeague (and the Panel) violated Jones's right when they failed to review the facts of Plaintiff/Appellant Faulkner, which are material to the Appeal.

42. Judge McKeague (and the Panel) knew or should have known that Jones's right to due process was clearly established.

**Judicial Council**

43. Attorney Jones incorporates by reference paragraphs 1 through 36, as if specifically plead herein.

44. The Judicial Council acted under color of state law in carrying out their actions.

45. Attorney Jones has a constitutionally protected liberty interest in her right to have a fair and impartial Council review her complaint of judicial misconduct. Such fairness and impartiality are endangered by Judge Gibbons sitting on the Judicial Council.

46. Attorney Jones has a constitutionally protected life and liberty interest to advocate for herself and others, without being retaliated against. That right is endangered by the Judicial Council's failure to render a decision on her complaint of judicial misconduct.

47. To date, the Judicial Council has not responded to Attorney Jones's Complaint. Such delay results in civil rights violations against her and litigants that appear before Judge McKeague and the panel of Judges; Judge McCalla and the Tennessee District Courts, in general.

48. The Judicial Council with knowledge that Attorney Jones's rights to due process were clearly established have failed to protect her rights and the rights of the public, in general.

## COUNT II

### VIOLATION OF RIGHT TO FREEDOM OF SPEECH
### 42 U.S.C. §1983

**Judge McKeague**

49. Attorney Jones incorporates by reference Paragraphs 1 through 31, 37 through 42, as if specifically plead herein:

50. Judge McKeague (and the Panel) engaged in wrongful disciplinary action prompted by Jones's exercise of her first amendment rights, and have impaired her right to address and oppose wrongdoing by the judiciary, particularly in the Tennessee District Court.

51. Attorney Jones had an unqualified and clearly established First Amendment right to speak out on matters of public concern, which was exercised by her asserting judicial misconduct in her Appellate Brief and complaint of judicial misconduct.

52. Attorney Jones exercised her First Amendment right by asserting in her Appellate Brief that: *"The process the District Court undertook in reaching its findings was unfair to Plaintiffs."*

53. Attorney Jones exercised her First Amendment right by disclosing that the District Court intentionally delayed its ruling on Ms. Douglas's Motion to Dismiss.

54. The First Amendment protected activity was the substantial or motivating factor for the wrongful action taken against Attorney Jones.

55. Judge McKeague (and the Panel) knew or should have known that Attorney Jones First Amendment rights were clearly established.

**Judicial Council**

56. Attorney Jones incorporates by reference Paragraphs 1 through 36, and 43 through 48, as if specifically plead herein:

57. The Judicial Council's delay in answering Jones's complaint of judicial misconduct is prompted by Plaintiffs' exercise of her First Amendment rights, and have impaired her right to address and oppose wrongdoing by the Sixth Circuit judiciary, judiciary in the Tennessee District Court, and the rights of litigants and the public, in general.

58. Attorney Jones had an unqualified and clearly established First Amendment right to speak out on matters of public concern, which was exercised by her asserting misconduct in her Appellate Brief and complaint of judicial misconduct.

59. Attorney Jones exercised her First Amendment right by asserting in her complaint of judicial misconduct that the Judges failed to review facts of Plaintiff/Appellant Faulkner.

11

60. Attorney Jones exercised her First Amendment right by disclosing that Judge McCalla intentionally delayed the ruling on Ms. Douglas's Motion to Dismiss.

61. Attorney Jones exercised her First Amendment right by disclosing that Judge McCalla reportedly stated Attorney Jones was a trouble-maker.

62. The First Amendment protected activity was and is the substantial or motivating factor for the Judicial Council's failure to answer Jones's complaint of judicial misconduct.

63. The Judicial Council with knowledge that Attorney Jones's First Amendment rights were clearly established, have failed to protect her rights and the rights of the public, in general.

WHEREFORE, Plaintiff respectfully prays:

1. That this Court upon final hearing declare and find that the actions of the Defendants have violated the procedural and substantive due process rights of Attorney Jones, which rights are guaranteed by the First, Fifth, Seventh, and Fourteenth Amendment to the U.S. Constitution.

2. That this Court upon final hearing declare and find that the actions of the Defendants have violated Plaintiffs' rights to free speech, which rights are guaranteed by the First Amendment to the U.S. Constitution.

3. Based on the Appellate Court's non-compliance with the rule of law concerning reviewing facts, enter judgment declaring that the Appellate Court's mandate violates Attorney Jones's due process and First Amendment Rights.

4. Enter judgment declaring that Judge Gibbons' seat on the Judicial Council is oppressive to Jones's due process rights and enter an injunction removing her from the Judicial Council, relative to the judicial complaint.

5. Enter judgment declaring that the Judicial Council's delay in tendering a decision on Attorney Jones's complaint of judicial misconduct oppresses her due process rights and enter an injunction requiring that the Judicial Council answer on a date certain.

6. That Plaintiff be awarded attorney's fees, expenses, and costs as authorized under 42 USC § 1988.

7. That Plaintiff be awarded such additional and general relief to which she may be entitled, at law or in equity.

Plaintiff demands a trial by jury for all issues so triable.

Respectfully Submitted this 11th day of March, 2022.

/s/Lucinda Jones
Lucinda Jones
Michigan Bar No. P81484
P.O. Box 442111
Detroit, Michigan 48244
313-559-5444
advocatelucinda@gmail.com

Lucinda Jones
Michigan Bar No. P81484
P.O. Box 442111
Detroit, Michigan 48244
313-559-5444
advocatelucinda@gmail.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Lucinda Jones, declare that I have personal knowledge of the matters alleged in the foregoing Complaint. I verify under penalty of perjury that the allegations contained herein are true and correct, upon information and belief and to the best of my knowledge.

Submitted this 11th day of March, 2022.

_\[signature\]_
Lucinda Jones
Pro Se

14