**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LUCINDA JONES,

        Plaintiff,

        v.

HAMILTON COUNTY, et al.,

        Defendant.

Case No. 1:22-cv-134

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Lucinda Jones, having paid the requisite $400.00 filing fee and proceeding *pro se*, initiated this litigation on March 11, 2022. (Doc. 1).  On March 28, 2022, Plaintiff filed an amended complaint.[1] (Doc. 7). Currently pending are two motions to dismiss this case and Plaintiff's motion to further amend her complaint.  This case has been referred to the undersigned magistrate judge for all pretrial proceedings, including a Report and Recommendation on any dispositive motions.  (Doc. 19).  For the reasons that follow, Defendants' motions to dismiss should be granted, and Plaintiff's motion for leave to file a second amended complaint should be denied.  In addition, the undersigned recommends that the Court impose a monetary sanction upon Plaintiff *sua sponte* for filing and continuing to litigate this frivolous lawsuit.

**I.      Procedural Background**

Plaintiff's amended complaint identifies three Defendants: Hamilton County, Hon. David McKeague, and the Judicial Counsel for the U.S. Court of Appeals for the Sixth Circuit.  (Doc. 7). On April 13, 2022, Defendant Hamilton County filed a motion to

---

[1]Plaintiff filed her first amended complaint pursuant to Rule 15(a)(1), Fed. R. Civ. P.

dismiss the complaint for failure to state a claim. (Doc. 10). On June 28, 2022, the two federal Defendants filed a separate motion to dismiss based upon a lack of jurisdiction, and because Plaintiff's claims are barred by absolute judicial immunity and sovereign immunity. (Doc 14). Plaintiff has filed responses to both motions, along with a motion seeking leave to file a second amended complaint in order to name additional federal judges as defendants.

Plaintiff Jones states she is a licensed attorney against whom sanctions were levied after a federal district court in Tennessee determined that she had filed a frivolous lawsuit outside of the statute of limitations. (Doc. 7 at ¶¶1, 22-24). In the above-captioned lawsuit, Plaintiff challenges a March 2020 decision by the Court of Appeals for the Sixth Circuit that affirmed the Tennessee court's sanctions award.

The underlying proceedings began in April 2017, when Jones and co-counsel Valerie Vie (not a party herein) filed an employment discrimination suit on behalf of their former clients, Katoria Williams and Demetri Faulkner, against both the Tennessee School System and a supervisor, Marjorie Douglas. *See Williams v. Shelby County School System*, Case No. 2:17-cv-2284 (W.D. Tenn.) (hereinafter "*Williams* suit"). No one challenged the *Williams* plaintiffs' right to file suit against the Shelby County School System, but the court ultimately imposed sanctions after dismissing plaintiffs' time-barred claims against a former supervisor, Douglas.

Initially, the *Williams* suit was assigned to Senior U.S. District Judge Jon McCalla. Douglas's motion to dismiss was not ruled on by Judge McCalla but was granted by U.S. District Judge Thomas Parker on May 2, 2018, following transfer of the case to his docket. Judge Parker held that all of plaintiffs' claims fell outside any

applicable statutes of limitations. *See Williams*, Case No. 2:17-cv-2284-TLP-cgc (ECF Doc. 108); *see also Williams v. Shelby Cnty. School System*, 2020 WL 1190433, at *1 (6th Cir. March 12, 2020) (summarizing the underlying procedural background).

The Tennessee court rejected counsel's "continuing violation" theory under 42 U.S.C. §1983 and held that a one-year limitations period applied to those claims. *See Williams*, Case No. 2:17-cv-2284-TLP-cgc (ECF Doc. 108, PageID 1113). The court held that any state law claims for emotional distress were also subject to a one-year period, though the court pointed out that the third amended complaint failed to state a claim "for any kind of emotional distress." *Id.* Judge Parker allowed that a three-year period *might* apply to a single claim for inducement to breach a contract filed *solely by Williams* (and not by Faulkner), but reasoned that even if the longer period applied to that single claim, it was still time-barred.[2] (*Id.*, PageID 1115). Judge Parker noted that Faulkner's separate claim "for wrongful termination of a tenured teacher is confusing, at best." (*Id.*, PageID 1116). After pointing out flaws in Faulkner's legal theory, including that "any conceivable claims would be against… Defendant Shelby County Board of Education" rather than Douglas, the court explained that any claim by Faulkner was subject to a 30-day limitations period. (*Id.*, PageID 1116).

Following entry of judgment in favor of Douglas, Williams and Faulkner voluntarily dismissed their § 1983 claims against the Shelby County Board of Education. (*Id.*, Doc. 123). On August 29, 2018, Williams and Faulkner settled their sole remaining Title VII claims against the Shelby County Board of Education. (*Id.*, Doc. 140).

---

[2]The court suggested in a footnote that the statute of limitations for inducement to breach a contract might be only one year. (Doc. 108 at 12, n.5).

3

After the court's May 2, 2018 grant of her motion to dismiss, Douglas moved for an award of sanctions. On February 7, 2019, the Tennessee district court partially granted that motion. Judge Parker held Williams and Faulkner liable for $7,968.58 in fees under Tenn. Code. Ann. § 29-20-113(a), a statute that permits fee-shifting for state law claims filed against Douglas in her individual capacity. The court denied the plaintiffs' motion to certify a constitutional challenge to that statute to the Tennessee Supreme Court. In addition, Judge Parker held that plaintiffs' attorneys, Jones and Vie, were *personally* liable for an additional $39,842.92 in fees under federal law, specifically 28 U.S.C. § 1927, for "multipl[ying] the proceedings in any case unreasonably and vexatiously." *Williams v. Shelby Cnty. School System*, Case No. 2:17-cv-02284, ECF Doc. 163, 2019 WL 490354 at *6 (W.D. Tenn. Feb. 7, 2019).

Jones and Vie promptly appealed the February 7, 2019 sanctions award. Months later, Williams and Faulkner filed a separate appeal concerning the constitutionality of Tenn. Code Ann. § 29-20-113(a). In an unpublished opinion authored by U.S. Senior Circuit Judge David McKeague, the Sixth Circuit rejected the appeal filed by Williams and Faulkner[3] as untimely. *See Williams v. Shelby Cnty. School System*, 2020 WL 1190433, at *1 (6th Cir. March 12, 2020) (recounting procedural history and rejecting the plaintiffs' appeal as untimely "because, unlike [their] attorneys, [Williams and Faulkner] didn't file a notice of appeal within thirty days of the district court's February 7 order.").

The Sixth Circuit went on to consider counsel's timely appeal of the sanctions award against them. The appellate court upheld that award under 28 U.S.C. § 1927,

---

[3]The Sixth Circuit referred to Williams and Faulkner collectively as "Williams." *Id.*, 2020 WL 1190433 at *1 n.1.

4

reasoning that the filing of a time-barred suit is a "classic example" of sanctionable conduct and describing counsel's "continuing violations" argument as "leaky at best, frivolous at worst." *Id*. at *2 (internal quotation and citation omitted).  The Sixth Circuit also criticized counsel's argument that the trial court's alleged "delay" in ruling on Douglas's motion to dismiss racked up the amount of attorney's fees. "If Jones and Vie wanted to avoid hefty sanctions, they should have dismissed the lawsuit themselves or moved to withdraw soon after Douglas filed her motion to dismiss. They - not the district court - were responsible for defense counsel's rising fees."  *Id*. at *3.

After the Sixth Circuit affirmed the sanctions award on March 12, 2020, Douglas filed a new motion seeking additional fees for having to defend on appeal.  On May 28, 2020 in a *per curiam* opinion, the Sixth Circuit panel denied that motion, despite noting that the issue merited "close[] scrutiny." *Williams v. Shelby Cnty. School System*, 815 Fed. Appx. 842, 846, 380 Ed. Law Rep. 191 (6th Cir. 2020).  The majority described counsel's conduct on appeal as follows:

> [Counsel] filed time-barred claims and then, on appeal, sought to lay responsibility at the feet of the district court. *Williams*, 2020 WL 1190433 at *2-3. Jones and Vie should have known that blaming the district court and repeating their most meritless arguments would fail.
>
> Some of Jones and Vie's conduct is mitigated by the posture of their appeal. They did not challenge the merits of the district court's holding that the claims were time barred. They instead challenged the district court's order sanctioning them for filing the claims in the first place. That is, Jones and Vie argued the reasonableness of their views - not whether those views were, in fact, correct - and challenged the district court's analysis. In doing so, they raised three semi-colorable arguments. First, Jones and Vie maintained that the claim for inducement to breach of contract was arguably subject to a six-year statute of limitations. Second, they challenged the district court's finding that the litigation was meant to "grind down" Douglas, highlighting the limited nature of their discovery requests and motions practice. Finally, they argued that the district court failed to

make the necessary findings of discrete acts of vexatious conduct, citing caselaw to support their argument. Although the law was "solidly against these new arguments," they at least evidence some bases upon which Jones and Vie might have believed that their appeal would gain traction. *Friedler v. Equitable Life Assurance Soc'y*, 86 F. App'x 50, 57 (6th Cir. 2003).

We exercise our discretion not to sanction Jones and Vie. Although their conduct was unprofessional and serious enough to meet the standard for imposing sanctions, the deterrent and compensatory purpose of sanctions is adequately served by the nearly $40,000 judgment against them in the district court. This is especially so given that Douglas would have had to defend the sanctions order anyway in Williams and Faulkner's appeal. We believe that further sanctions would serve no useful purpose. And when "no useful purpose" would be served by imposing additional sanctions, we may "decline to impose" them…. We thus decline to impose them here.

*Id*., 815 Fed. Appx. at 846-847 (citations omitted).

Judge McKeague dissented, explaining that he would have imposed additional sanctions for continuing the litigation through a frivolous appeal.

I would… award monetary sanctions against Jones and Vie under 28 U.S.C. § 1927. No doubt the district court's sanctions order, our opinion affirming that order, and the majority's opinion denying further sanctions have sent a strong message to Jones and Vie. But there's still a "useful purpose" in making them pay Douglas's fees on appeal. *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994). Namely, their conduct wasn't victimless: someone has to pay Douglas's lawyers for hours billed on this frivolous appeal. If it's the Shelby County School System - really, the public - that pays, those thousands of taxpayer dollars are better spent on students, teachers, and schools. The equitable thing to do would be to shield these innocent stakeholders from the expense of Jones and Vie's frivolous appeal. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008) ("[T]he text of § 1927 ... indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders."). If it's Douglas - the public servant - who pays, then she too deserves to be spared. *See id.*

*Williams v. Shelby Cnty. School System*, 815 Fed. Appx. at 847.

Attorneys Jones and her co-counsel did not seek reconsideration *en banc* of the March 12, 2020 decision, nor did Attorney Jones file a petition for writ of certiorari in the

United States Supreme Court.  Instead, Jones filed a complaint of judicial misconduct against both U.S. Circuit Judge McKeague and U.S. District Judge McCalla.[4] (Doc. 7 at 2).  When the Sixth Circuit Judicial Council did not immediately rule on her misconduct complaint, Jones[5] initiated this new federal lawsuit, naming as Defendants Hamilton County, Ohio and Judge McKeague, as well as the Judicial Council of the U.S. Court of Appeals for the Sixth Circuit.  Plaintiff appears to have filed suit in the Southern District of Ohio based upon the fact that the Sixth Circuit is based in the Potter Stewart U.S. Courthouse in Cincinnati, Ohio.

In the above-captioned lawsuit, Jones generally alleges that Judge McKeague and the Judicial Council violated her "due process" rights and that Judge McKeague committed "judicial misconduct."  (Doc. 7 at 1-3, PageID 63-65).  Citing to 42 U.S.C. §1983, she sets forth two claims each against both federal Defendants: (Count I) a deprivation of due process (¶¶ 41-54); and (Count II) a violation of her First Amendment right to free speech (¶¶ 55-73).

## II. Analysis

### A. Hamilton County's Motion to Dismiss

Unsurprisingly given that the complaint contains almost no mention of Defendant Hamilton County, Hamilton County has moved to dismiss on grounds that Jones has failed to identify either actions by the County or any rights that were violated by Hamilton County.[6]  In addition, Hamilton County is not *sui juris*.  In her response,

---

[4]As she did in her prior appeal of the Williams suit, Plaintiff alleges in the above-captioned case that Judge McCalla was prejudiced against Plaintiff and her client and delayed ruling on the motion to dismiss as punishment.  (Doc. 7 at ¶¶ 35-36).  As discussed, Douglas's motion to dismiss remained pending until the case was transferred to the docket of Judge Parker, who granted the motion.

[5]Ms. Vie withdrew from representation in the *Williams* suit on June 30, 2018, and did not join in this lawsuit.  (*See Williams*, *supra*, at Doc. 129).

[6]The complaint erroneously identifies Judge McKeague as a judge "of the United States Court of Appeal,

Plaintiff "does not oppose Hamilton County's Motion to Dismiss." (Doc. 11). Accordingly, for the reasons stated in Hamilton County's motion, all claims against that Defendant should be dismissed.

### B. Federal Defendants' Motion to Dismiss

The two federal Defendants filed a joint motion to dismiss in which they challenge this Court's subject matter jurisdiction under Rule 12(b)(1) and further argue that Plaintiff has failed to state any claim under Rule 12(b)(6). Defendants' motion should be granted. Plaintiff's failure to state any remotely plausible claim underscores the lack of subject matter jurisdiction over the complaint.

In her response to the federal Defendants' motion, Plaintiff states that she "is not continuing her claim against the Judicial Council."[7] (Doc. 15 at 4 n. 6, PageID 122*; see also id*. at 12, n.9, PageID 130 (suggesting that she is "voluntarily dismissing her claims against the Judicial Council."). However, Plaintiff has not filed a formal motion under Rule 41. Therefore, the undersigned recommends granting the joint motion of Defendants in full.

### 1. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. Plaintiff alleges jurisdiction under both 28 U.S.C. § 1331 and 28 US.C. § 1332. (Doc. 7 at ¶6). Defendants' motion raises both facial and factual challenges to Plaintiff's assertion of subject matter jurisdiction. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has

---

Hamilton County, Ohio." (Doc. 7 at ¶3). The Sixth Circuit Court of Appeals is a federal court and is not associated with the state court system.

[7]Plaintiff asserts that "Chief Judge Jeffrey S. Sutton signed an Order dismissing the judicial complaint" on July 6, 2022. (Doc. 16 at 3, n. 2, PageID 135).

jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005) (additional citation omitted).  Plaintiff has failed to carry that burden.

### a.  The Lack of Federal Question Jurisdiction

The statute creating federal question jurisdiction states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In her amended complaint, Plaintiff alleges a violation of her civil rights under 42 U.S.C. § 1983 as providing the basis for federal question jurisdiction.   However, "[t]wo elements are essential to a claim under §1983 - the conduct complained of must be committed under color of state law and the conduct must have deprived the claimant of a right, privilege or immunity protected by the United States Constitution or statutes."  *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987).  Here, Plaintiff has failed to state a plausible claim under § 1983 against Judge McKeague because, as a federal judicial officer, he acts "under color of federal, and not state, law."  *Id.*; *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) ("[A]s a general matter, '[t]he federal government and its officials are not subject to suit under [§ 1983]'").  The Sixth Circuit Judicial Council likewise is a federal entity that is not subject to suit under 42 U.S.C. § 1983.

Plaintiff's reference to attorney's fees under 42 U.S.C. § 1988 similarly provides no basis for the exercise of federal question jurisdiction.  Plaintiff is entitled to fees under § 1988 only if she prevails on her civil rights claim under § 1983.  Since she cannot state a plausible claim under §1983 as a matter of law, she likewise cannot state a claim under § 1988.  In addition, pro se litigants simply are not entitled to fees under

Civil Rights Attorney's Fees Awards Act, even where the litigant is a lawyer. *See Kay v. Ehrler*, 499 U.S. 432 (1991).

### b. The Lack of Diversity Jurisdiction

Plaintiff also alleges that diversity jurisdiction exists under 28 U.S.C. § 1332. However, a foundational prerequisite for the exercise of diversity jurisdiction is diverse citizenship of the parties, which Plaintiff alleges solely on "information and belief" in her amended complaint and deletes entirely from her tendered second amended complaint.[8] Apart from that factual issue, however, Plaintiff must demonstrate that the amount in controversy exceeds $75,000 in order to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Here, the only monetary damages Plaintiff seeks are attorney's fees and costs under 42 U.S.C. §1988, for which no claim is stated. Even if she had instead sought fees under state law, "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Accordingly, Plaintiff has failed to state a basis for the exercise of diversity jurisdiction.

### c. The Lack of Alternative Grounds for Jurisdiction

In another attempt to establish jurisdiction, Plaintiff cites to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. However, that Act does not provide an independent source of federal jurisdiction where federal jurisdiction does not otherwise exist. *Louisville & Nashville R. Co. v. Donovan,* 713 F.2d 1243 (6th Cir.1983).

---

[8]Plaintiff, a resident of Wayne County Michigan, alleges "[u]pon information and belief" that "Judge McKeague is a citizen and resident of Hamilton County." (Doc. 7 at ¶¶1, 3). Plaintiff's belief is in error. Although the Sixth Circuit holds oral arguments in Cincinnati, Ohio, Judge McKeague has long resided in Michigan. Plaintiff acknowledges as much by omitting her erroneous allegation from her tendered amended complaint. (*See* Doc. 16-1).

Last but not least, this Court lacks subject matter jurisdiction to enter any of the relief that Plaintiff seeks. At the heart of this lawsuit is Plaintiff's disagreement with the Sixth Circuit's affirmance of a Tennessee district court's award of monetary sanctions against her for filing a frivolous time-barred lawsuit. Incredibly, Jones now asks this district court to vacate the Sixth Circuit's decision in the *Williams* suit. (Doc. 15 at 4, PageID 122, citing Amended Complaint at ¶¶ 1-7, and stating "Plaintiff asks this Court to: (1) declare the Panel violated her Fourteenth Amendment due process rights and her First Amendment right; (2) issue an injunction rendering the March 12, 2020, ruling null and void, and (3) award her attorneys' fees, expenses, and costs."; *see also* Doc. 16 at PageID 135, explaining that Plaintiff seeks "nullification/voidance of the Panel's March 12, 2020 ruling that Plaintiff filed a time-barred lawsuit and ordering sanctions against her."). As Defendants put it: "It is axiomatic that a federal district court lacks the jurisdiction and authority to issue injunctive, declaratory, or mandamus relief to a federal court of appeals or its officers." (Doc. 14 at 15, PageID 116, collecting cases); *see also Panko v. Rodah*, 606 F.2d 168, 171 n. 6 (7th Cir. 1979). Allowing such injunctive relief "would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court." *Olita v. McCalla*, 2022 WL 1644627 at *7 (W.D. Tenn. May 24, 2022) (citing *Mullis v. U.S. Bankr. Ct. for Dist. of Nev*., 828 F.2d 1385, 1392-93 (9th Cir. 1987)). "Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." *Mullis*, 828 F.2d at 1393. Thus, federal courts have consistently refused to entertain such claims. *See*, *e.g*., *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 136 F.Supp.2d. 1048, 1050-51 (N.D.Cal. 2001) (noting "the dubious status" of a district

11

court's "jurisdiction to evaluate the validity of a higher court's rules"). In short, this Court lacks subject matter jurisdiction over any of the claims asserted in this lawsuit.

In her response, Plaintiff suggests that the Sixth Circuit should have considered her argument on the merits that "the statute of limitations for Williams and Faulkner … was three years." (Doc. 15 at 5, PageID 123). By asserting that a three-year limitations period in Tenn. St. § 28-3-109(a)(3) applied to some unspecified claim(s) filed on *Faulkner*'s behalf, Jones speculates that the Sixth Circuit "disregarded …Faulkner's July 2014 termination date." (*Id.*) But Jones' premise – that the appellate court should have re-examined the ruling that Williams' and Faulkner's claims were time-barred – is wrong. Neither Jones nor anyone else filed an appeal of the May 2, 2018 dismissal of all claims against Douglas as time-barred.[9] The sole issue before the Sixth Circuit on appeal was whether the Tennessee trial court had abused its discretion by imposing sanctions against counsel on February 7, 2019. In fact, two of three judges on the Sixth Circuit panel elected not to impose *additional* sanctions for the otherwise frivolous appeal in part because of their favorable view that Jones had not "challenge[d] the merits of the district court's holding that the claims were time barred," and instead challenged only the "reasonableness of" counsel's legal views as opposed to "whether those views were, in fact, correct…." *Williams*, 815 Fed. Appx. at 846.

---

[9]In its May 2018 dismissal of Williams' and Faulkner's claims against Douglas, the district court explained that Tenn. Code Ann. § 28-3-109 (the statute that Plaintiff cites herein) was miscited by counsel and did not apply to any of Faulkner's claims. (*Williams*, Case No. 2:17-cv-02284, ECF Doc. 108, PageID 1116 n. 6; *see also id.* at PageID 1115, n.5). Plaintiff does not bother to specify how that state statute would apply, or to which of Faulkner's claims it might apply. However, her lack of specificity herein is irrelevant because the unappealed May 2018 ruling is the law of the case.

## 2. Failure to State a Claim Under Rule 12(b)(6)

In addition to a lack of subject matter jurisdiction, Defendants seek dismissal based upon Plaintiff's failure to state any cognizable claims against them under Rule 12(b)(6). The Defendants' well-taken argument underscores this Court's lack of subject matter jurisdiction.

### a. Absolute Judicial Immunity

For example, Judge McKeague is entitled to absolute judicial immunity from the above-captioned lawsuit. The immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of ... authority." *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam). Judges retain absolute immunity from liability as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Id.,* 502 U.S. at 11-12; *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir.2001). "In the Sixth Circuit, absolute immunity against federal judges extends to requests for injunctive and other forms of equitable relief as well as to claims for damages." *Ward v. United States Dist. Court for the Western Dist. of Tenn.,* No. 14–2707–T–DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (citing *Kipen v. Lawson,* 57 Fed. Appx. 691, 691 (6th Cir. 2003); *Newsome v. Merz,* 17 Fed. Appx. 343, 345 (6th Cir. 2001)); *see also Easterling v. Rudduck,* No. 1:14-cv-876, 2015 WL 1567844, at *5 (S.D. Ohio Apr. 6, 2015) (Litkovitz, M.J.) (Report & Recommendation) ("That plaintiff seeks only equitable or injunctive relief has no bearing on the" dismissal of a complaint against a state judge entitled to absolute immunity from suit), *adopted at* 2015 WL 2452437 (S.D.

Ohio May 21, 2015) (Dlott, J.).

Plaintiff's claims against Judge McKeague are based upon his authorship of the March 12, 2020 majority opinion affirming an award of sanctions against counsel, together with his related dissenting opinion on May 28, 2020. Plaintiff alleges that in affirming the district court's award of sanctions, Judge McKeague disregarded Faulkner's termination date, denied Plaintiff's request for oral argument, and engaged in "wrongful disciplinary action." (Doc. 7 at ¶¶ 44, 57). However, all of the alleged actions by Judge McKeague were undertaken in his role as a federal appellate judge.

In order to overcome judicial immunity, a plaintiff must demonstrate: (1) that the judge was not functioning in a judicial capacity, or (2) the judge acted in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. In conclusory fashion, Plaintiff asserts that Judge McKeague and the other two appellate judges "departed from their judicial function and were in the absence of all jurisdiction" because "they disregarded Faulkner's [termination date]" that Plaintiff now claims would have supported some unspecified claim.[10] (Doc. 15 at 10).

Plaintiff's assertion is frankly ludicrous. The panel's March 12, 2020 affirmance was undeniably a judicial decision and embodies the essence of a judicial function. "Issuing decisions and presiding over hearings, including sanctions hearings, are functions typically performed by a judge." *Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521 at *8 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 Fed. Appx. 328 (6th Cir. 2017). "Grave procedural errors, including those involving due process, do not deprive an act of its essentially judicial nature." *Robertson v. City of Grand Rapids*, No. 1:06-CV-451,

---

[10]Again, Ms. Jones did not appeal the trial court's May 2018 dismissal of all claims on statute of limitations grounds. Her appeal was limited to challenging the trial court's exercise of discretion to imposed sanctions on February 7, 2019.

2008 WL 2224173 at *5 (W.D. Mich. May 27, 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and *Stern v. Mascio*, 262 F.3d at 606-08). In fact, when counsel appealed the district court's sanctions order to the Sixth Circuit, she acknowledged that the appellate court had jurisdiction.

The handful of cases cited by Plaintiff in opposition to dismissal are all easily distinguishable. For example, in *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997), a judge engaged in interviews with the media, accusing a former litigant who had appeared before her of stalking her. *Id.* at 260-261. Those separate media communications were outside of the judicial function because they "further[ed] no official act or sanction" *Id*. at 261.[11] *Accord Harris v. Harvey*, 605 F.2d 330 (6th Cir.1979) (judge not entitled to judicial immunity for extra-judicial communications to the press and city officials wherein he described the plaintiff as a fixer, a briber, and a sycophant). Here, by contrast, Judge McKeague did not speak to the media about Ms. Jones at any time and did nothing more than file the panel's decision of record.[12]

In an attempt to circumvent the judicial immunity to which Judge McKeague is clearly entitled, Plaintiff cites to *Pulliam v. Allen*, 466 U.S. 522 (1984), a case filed under 42 U.S.C. § 1983 prior to amendment of that civil rights statute. *Pulliam* has no application here. As discussed above, §1983 does not apply to Judge McKeague or to any federal official or entity. Moreover, even in *Pulliam*, the Supreme Court held that in order to obtain equitable relief against a judge, a plaintiff must demonstrate that she has

---

[11]*See also King v. Love*, 766 F.2d 962 (6th Cir. 1985) (holding that state court magistrate was not entitled to judicial immunity for falsely telling officers to arrest King on a warrant for another person, because deliberately misleading police officers about the identity of the person sought in an arrest warrant well *after* the warrant has been issued was not a judicial act).

[12]Although Plaintiff repeatedly refers to the March 12, 2020 opinion as "published," it was merely filed of record and is not a formally "published" Sixth Circuit opinion.

no adequate remedy at law and that she faces a "serious risk of irreparable harm." *Pulliam*, 466 U.S. at 537. Here, Plaintiff had an adequate remedy at law because she could have: (1) requested reconsideration *en banc* by the full Court of Appeals; or (2) filed a petition for writ of certiorari to seek further review by the Supreme Court. Plaintiff did neither.[13] "A new federal court action… is decidedly not a substitute for a forgone appeal." *Olita v. McCalla*, 2022 WL 1644627, at *8; *see also*, *Newsome v. Merz*, 17 Fed. Appx. 343, 345 (6th Cir. 2001) (Plaintiff had no claim for injunctive relief because he had an adequate remedy at law by way of appeal); *Flip v. Flanagan*, 729 F. Supp. 1149, 1153-54 (N.D. Ohio 1989) (Plaintiff could not obtain equitable relief because he had adequate remedies at law, like appeal or habeas corpus relief).

### b.  Sovereign Immunity

Just as Judge McKeague is entitled to judicial immunity, the Judicial Circuit is entitled to sovereign immunity. "[J]udicial councils and other bodies comprised of federal judges and courts are entitled to sovereign immunity." *Sanai v. Kozinski*, 2021 WL 1339072, at *5 (N.D. Cal., April 9, 2021). The exercise of jurisdiction over a governmental entity that is entitled to sovereign immunity "requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *see also Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) (holding that in the absence of a waiver of sovereign immunity, plaintiff's claim must be dismissed on jurisdictional grounds);

---

[13]In a footnote, Plaintiff asserts that she "was stricken with COVID in March 2020," (Doc. 15 at PageID 127). Even if such facts were verifiable and could be considered, a reported period of personal illness in March 2020 does not negate the availability of her legal remedy. Plaintiff could have moved for an extension of time if needed or retained counsel to act on her behalf.

Plaintiff has failed to show the existence of any such waiver of sovereign immunity.  Certainly, § 1983 contains no such waiver and does not apply to the federal Defendants.  *See also Sanai*, 2021 WL 1339072 at *5-6 (discussing cases that hold that judicial councils and judges sued in their official capacity are entitled to sovereign immunity); *Shemonsky v. Vanaskie*, 2005 WL 2031140, at *4 (M.D. Pa. Aug. 16, 2005) (plaintiff's suit against the Third Circuit Judicial Council was barred because plaintiff failed to identify an applicable waiver of sovereign immunity).

### C.  Plaintiff's Motion for Leave to File a Second Amended Complaint

Plaintiff seeks leave to file a second amended complaint under Rule 15(a)(2), Fed. R. Civ. P.[14] (Doc. 16).   In her tendered second amended complaint, Plaintiff eliminates Hamilton County and the Judicial Council as Defendants, but seeks to add two additional Sixth Circuit judges who served on the panel with Judge McKeague. She continues to cite to 42 U.S.C. § 1983 as the basis for her claims.

Plaintiff's motion to amend should be denied as futile because it would not survive a motion to dismiss.   "A court need not grant leave to amend… where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  As Plaintiff herself points out, the allegations in the tendered second amended complaint are "materially the same" as the allegations set forth in her first amended complaint.  (Doc. 16 at PageID 137).  For all of the reasons discussed above, no amendment can salvage the fundamental frivolousness of Plaintiff's claims or establish jurisdiction in this Court.[15]

---

[14]Although Plaintiff also cites to amendment as of right under Rule 15(a)(1), that provision does not apply on the record presented.

[15]In her reply memorandum, Plaintiff argues (for the first time) that her claims should be construed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) rather than

### D. This Court Should Impose Additional Sanctions

In addition to granting Defendants' motions to dismiss and denying Plaintiff leave to further amend, the undersigned recommends that the Court impose additional sanctions upon Plaintiff *sua sponte* under its inherent authority, under 28 U.S.C. § 1927, and/or under Rule 11, for filing and continuing to pursue this entirely frivolous lawsuit. *See generally, Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Plaintiff filed this lawsuit for an improper purpose - to evade monetary sanctions imposed against her by a different federal district court, and the affirmance of that award by the Sixth Circuit Court of Appeals. Rather than pursuing rehearing en banc or an appeal to the U.S. Supreme Court to the extent she believed that the Sixth Circuit's March 12, 2020 decision was in error, she initiated new litigation in this Court, requiring this Court to expend additional judicial resources reviewing both the new pleadings and the prior proceedings.

The original sanctions award was imposed in the *Williams* suit after the Tennessee district court determined that counsel had multiplied the proceedings "unreasonably and vexatiously" in violation of 28 U.S.C. § 1927. The Sixth Circuit affirmed. However, in a split decision, the appellate court denied a subsequent motion by Douglas seeking additional sanctions for the frivolous appeal. Notably, the majority agreed that the appeal of the sanctions award was frivolous, but declined to impose additional sanctions in part because counsel had not challenged the trial court's earlier (2018) ruling that the Williams and Faulkner claims were time-barred. The Sixth Circuit also concluded that the existing sanctions award of nearly $40,000 should prove a

---

under 42 U.S.C. § 1983. However, federal judges are entitled to absolute immunity in *Bivens* actions even for injunctive and other forms of equitable relief. *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (federal judges' absolute immunity "has also been extended to requests for injunctive relief"); *Newsome v. Merz*, 17 Fed. Appx. at 345 (noting that "federal judges are immune from *Bivens* suits for equitable relief"); *Olita v. McCalla*, Case No. 2:21-CV-2763, 2022 WL 1644627 at *7 (same).

sufficient deterrent to persuade counsel not to engage in future sanctionable conduct. By filing this additional frivolous lawsuit without any basis for a viable claim and by opposing the Defendants' motions to dismiss and filing a motion to file a second amended complaint, Plaintiff Jones has once again multiplied judicial proceedings unreasonably and vexatiously, betraying the Sixth Circuit's faith in the deterrent value of the prior sanction.  As a practicing attorney, Plaintiff knew better.[16]

In addition to the Court's inherent authority to impose sanctions and its statutory authority under 28 U.S.C. §1927, Rule 11 of the Federal Rules of Civil Procedure exists as a check on the filing of even a single frivolous lawsuit.  Rule 11(b) of the Federal Rules of Civil Procedure applies to pro se litigants and attorneys alike, and states that by filing a pleading, the party

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

*Id.*

When a pro se litigant fails to comply with Rule 11 by filing a complaint in which no claims are warranted by existing law or any nonfrivolous argument, a court "may

---

[16]Plaintiff's references to a wholly inapplicable "continuing violations" legal theory in *this* lawsuit are nearly identical in nature to her prior arguments in the *Williams* suit, which the Sixth Circuit then described as "leaky at best, frivolous at worst." At this point in time, Plaintiff's arguments can only be described as frivolous.

impose an appropriate sanction." Rule 11(c). Specifically, under Rule 11(c)(3) a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b)."[17]  Any sanction "must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives [or] an order to pay a penalty into court."  Rule 11(c)(4).  Based upon Plaintiff's filing of this frivolous lawsuit, the undersigned recommends the issuance of an order to "show cause" why a monetary penalty should not be paid into this Court under Rule 11.   In addition, the Court should consider a non-monetary penalty, such as requiring Plaintiff to obtain the certification of another attorney before initiating any future pro se case in this Court.

### III.    Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT**:

(1) Defendants' motions to dismiss (Docs. 10, 14) should be **GRANTED**, with this case to be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), or alternatively, to be dismissed with prejudice for failure to state any claim under Rule 12(b)(6);

(2) Plaintiff's motion to further amend her complaint (Doc. 16) should be **DENIED**;

(3)  The Court should impose a monetary sanction of $5,000.00 upon Plaintiff *sua sponte* under its inherent authority and/or under 28 U.S.C. § 1927 for filing this frivolous case in an attempt to continue litigating a case that she previously lost on appeal, as well as for her opposition to Defendants' motions to dismiss and motion to further amend her frivolous complaint;

---

[17]A court may not impose a monetary sanction prior to issuing a show-cause order.  Rule 11(c)(5).

20

(4) Alternatively, the Court should issue an order directing Plaintiff Jones to **show cause** why the filing of the above-captioned complaint does not constitute a violation of Rule 11(b), and why this Court should not impose both a monetary sanction of $5,000 and a pre-filing restriction that no further pro se complaint be accepted by Plaintiff for filing in the Southern District of Ohio which has not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted.

　　 _s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).