IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| LUCINDA JONES, | Case No. 1:22-cv-134 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| HAMILTON COUNTY, *et al.*, | |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 21)**

This matter is before the Court upon the Report and Recommendation ("Report") of United States Magistrate Judge Stephanie K. Bowman (Doc. 21), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that Defendants' motions to dismiss (Docs. 10, 14) be granted, with this case to be dismissed without prejudice. Additionally, the Magistrate Judge recommends that Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) be denied. Lastly, the Magistrate Judge recommends that the Court *sua sponte* impose a monetary sanction of $5,000.00 upon Plaintiff or, alternatively, issue an order directing Plaintiff to show cause why the Court should not impose a monetary sanction and an additional pre-filing restriction. Plaintiff filed an Objection to the Report (Doc. 22), to which Defendants have filed a Response (Doc. 23). Thus, the matter is ripe for the Court's review.

Plaintiff objects to the Report for several reasons. First, Plaintiff argues that her

claims against U.S. Senior Circuit Judge David McKeague should not be dismissed, as she has shown a proper cause of action in the correct jurisdiction. Plaintiff additionally argues that her request for leave to file a second amended complaint is not frivolous. In consideration of the foregoing, Plaintiff argues that an additional sanction should not be imposed against her. Plaintiff otherwise concedes to the Magistrate Judge's recommendation to dismiss the claims against Hamilton County, Ohio and the Sixth Circuit Judicial Council.

As an initial matter, "[i]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979). To hold otherwise would "permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court." *Olita v. McCalla*, No. 2:21-cv-2763, 2022 WL 1644627, at *22 (W.D. Tenn. May 24, 2022) (quoting *Mullis v. U.S. Bankr. Ct. for Dist. Of Nev.*, 828 F.2d 1385, 1392-93 (9th Cir. 1987)). Plaintiff argues that this case "is a non-merits-related challenge to the Judges' motive for the adjudications." (Objections, Doc. 22, Pg. ID 213.) The Court disagrees. Rather, the ultimate thrust behind Plaintiff's lawsuit is her "disagreement with the Sixth Circuit's affirmance of a Tennessee district court's award of monetary sanctions against her for filing a frivolous time-barred lawsuit." (Report, Doc. 21, Pg. ID 190.) Plaintiff's underlying intentions have been demonstrated throughout this lawsuit—such as her specific request that this Court vacate the Sixth Circuit's decision. (Response to Defendants' Motion to Dismiss, Doc. 15, Pg. ID 122.) As the Magistrate Judge squarely put it, "a federal district court lacks the jurisdiction and authority to issue injunctive,

declaratory, or mandamus relief to a federal court of appeals or its officers." (Report, Doc. 21, Pg. ID 190.)

Moreover, the claims brought against Judge McKeague are otherwise barred by judicial immunity. Plaintiff attempts to argue that Judge McKeague's affirmation of the lower court's ruling is not a protected judicial act because it was done "with knowledge [that] the complaint was not time-barred," which in turn "stigmatized [Plaintiff] as unprofessional and unethical." (Objection, Doc. 22, Pg. ID 211.) Plaintiff's assertion, however, directly contradicts extensive caselaw holding that the issuance of judicial decisions is a core judicial act. *See, e.g., Hertel v. Krueger*, No. 2:18-cv-179, 2018 WL 3321433, at *3 (S.D. Ohio July 5, 2018) ("Issuing orders . . . is an action normally performed by trial court judges, and issuing opinions reviewing those orders is an action normally performed by appellate judges."). Thus, Plaintiff's argument is not well taken.

Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) does not address any of these concerns and should, consequently, be denied. The only adjustment Plaintiff proposes to make to her Amended Complaint is to remove Hamilton County and the Judicial Council as Defendants, and replace them with the two Sixth Circuit judges who served on the panel alongside Judge McKeague. Of course, any claims against the Sixth Circuit judges would be similarly barred for the same reasons such claims are barred against Judge McKeague.

In consideration of the extensive time and resources exhausted by the judicial system in reviewing this frivolous lawsuit, the Court shall impose an additional sanction of $5,000.00 upon Plaintiff *sua sponte* under its inherent authority and pursuant to 28

U.S.C. § 1927. *See, e.g. Dubuc v. Green Oak Twp.*, 482 F. App'x 128, 134 (6th Cir. 2012) (holding that a sanction for $5,000.00 was appropriate against an attorney who pursued a meritless claim). As the Magistrate Judge explained, "[r]ather than pursing rehearing en banc or an appeal to the U.S. Supreme Court to the extent she believed that the Sixth Circuit's March 12, 2020 decision was in error, [Plaintiff] initiated new litigation in this Court, requiring this Court to expend additional judicial resources reviewing both the new pleadings and the prior proceedings." (Report, Doc. 21, Pg. ID 197.) By "filing this additional frivolous lawsuit without any basis for a viable claim . . . Plaintiff [] has multiplied judicial proceedings unreasonably and vexatiously, betraying the Sixth Circuit's faith in the deterrent value of the prior sanction." (*Id.* at Pg. ID 198.)

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Plaintiff's Objections (Doc. 22) are not well taken and, therefore, **OVERRULED**. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 21) and **ORDERS** the following:

(1) Defendants' motions to dismiss (Docs. 10, 14) are **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state any claim pursuant to Rule 12(b)(6);

(2) Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) is **DENIED**;

(3) The Court **ORDERS** a monetary sanction of $5,000.00 upon Plaintiff *sua sponte* under its inherent authority and under 28 U.S.C. § 1927 for filing this frivolous case in an attempt to continue litigating a case that she previously lost on

4

appeal, as well as for her opposition to Defendants' motions to dismiss and motion to further amend her frivolous complaint; and

(4) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND